ISAAC H. BOARDMAN, trustee, vs. MARY B. GARDINER
and others.

Essex. Nov. 3. — 7, 1881. MORTON & ALLEN, JJ., absent.

A testator devised a certain sum of money in trust for the benefit of his grand-daughter during her life; and upon the further trust that, on her death, after arriving at the age of twenty-one years, the trustee should transfer the fund to such persons as she should by deed, writing or will appoint; and if she should die before the age of twenty-one years, or in default of such appointment if she should attain the age of twenty-one years before her decease, then upon the further trust, that upon her decease the trustee should transfer the fund to her child or children; and if she should leave no child, then the trustee should transfer the fund to the heirs of the testator's brother. She married and died after coming of age, without issue, and having executed the power of appointment. *Held,* that her appointees were entitled to the fund.

BILL IN EQUITY by the trustee under the will of Moses Brown to obtain the instructions of the court.

The bill alleged that Moses Brown died on February 27, 1827, leaving a will, which was duly admitted to probate, and by which he gave $35,000 in trust for the benefit of his granddaughter, Sarah White Bannister, who afterwards married Ebenezer Hale, during her lifetime, "And upon trust further that upon the decease of the said Sarah White Bannister, should she arrive at the age of twenty-one years, they the said trustees the survivor of them and the executors and administrators of such survivor, do and shall as soon as conveniently may be, transfer, assign and pay over all the said principal moneys, stocks funds, and securities, to such person or persons, in such shares and proportions in such manner, time or times, and with such conditions or limitations as the said Sarah shall, notwithstanding her coverture should she be married, and by any deed or deeds, writing or writings, to be sealed and delivered by her in the presence of and attested by two or more credible witnesses, or by her last will and testament in writing, or any writing purporting to be or being in the nature of her will, to be signed by her in the presence of, and attested by the like number of witnesses direct and appoint. And if the said Sarah should die before the age of twenty-one years, or in default of such direction or appointment if she shall attain the age of twenty-one

years before her decease, then upon the further trust, that upon the decease of the said Sarah, they the said trustees the survivor of them, and the executors and administrators of such survivor, shall transfer, assign and pay over all the principal moneys, stocks and funds and securities aforesaid, unto all and every the lawful child or children of the said Sarah, equally to be divided among them, share and share alike, if there shall be more than one and if there shall be but one such child, the whole shall be transferred, assigned and paid over to such child. And in case the said Sarah shall leave no child, or the lawful issue of no child living at the time of her decease, then the said trustees, the survivor of them and the executors and administrators of such survivor, shall transfer, assign and pay over one third part of all the principal moneys, stocks, funds and securities aforesaid to such persons as shall then be the heirs at law of my late brother Joseph Brown deceased, one other third part thereof to such persons as shall then be the heirs at law of my brother Samuel Brown deceased, and the remaining third part thereof to such persons as shall then be the heirs at law of my brother Francis Brown, deceased."

The bill also alleged that Sarah W. Hale died on February 29, 1880, without issue, and by her will, which was duly admitted to probate, directed her executor to convert said fund and its accretions into money, and pay over the same to certain charitable and religious societies named.

Hearing before *Allen*, J., who reserved the case for the consideration of the full court.

*D. L. Withington*, for the heirs of the testator's brothers.

*C. A. Benjamin*, for the executor of one of the heirs.

*E. F. Stone & J. F. Colby*, for the appointees under the will of Mrs. Hale, were not called upon.

GRAY, C. J. The construction of that article of the will of Moses Brown, by which he bequeaths the sum of $35,000 in trust for the benefit of his granddaughter, appears to the court to be wholly free from doubt or repugnancy. The testator, in apt words, has clearly manifested his intention to be that the income of the fund shall be paid to her for life, and the principal, upon her death after coming of age, be transferred to such persons as she may appoint; and that only in case of her dying

under age and therefore having no power of appointment, or dying after coming of age without making any appointment, shall the principal go to her children, or, if she leaves no issue, to the heirs of the testator's brothers.   She having come of age, and having duly executed the power, before her death without issue, her appointees are entitled to the fund.

*Decree accordingly.*